**UNITED STATES of America,**
v.
**Myron V. CITRON, Defendant.**

United States District Court
S. D. New York.
Sept. 9, 1963.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, by Arnold N. Enker, Asst. U. S. Atty., for United States.

Louis Bender, New York City, for defendant.

TYLER, District Judge.

These two indictments charge defendant with (a) failing to file federal income returns for the calendar years 1955, 1956 and 1957 (62 Cr. 221, Counts 1, 2, and 3, respectively) (26 U.S.C. § 7203); and, (b) falsely representing to the Treasury Department on three

separate occasions that he had filed such returns or had paid all or a portion of his taxes due for those years. (62 Cr. 221, Counts 4 and 5; 62 Cr. 1059, (one count)) (18 U.S.C. § 1001).

## I

Defendant seeks dismissal of all counts, advancing several grounds for this relief. These grounds are now dealt with *seriatim*:

(1) Defendant urges that the three false representation counts do not fall within Section 1001:

■ (a) As to 62 Cr. 1059; defendant argues that the crime charged is squarely covered by 26 U.S.C. § 7207, which makes it a misdemeanor to willfully deliver or disclose any false return, account or statement to the Treasury Department. The false representation charged in 62 Cr. 1059, which is to the effect that defendant had filed a federal income tax return for the preceding five years, was allegedly uttered in an "Application for Renewal of Enrollment Card" filed by the defendant with the Treasury Department in December, 1957. Defendant may be correct that this conduct comes within the purview of 26 U.S.C. § 7207. But he points to no authority saying that 26 U.S.C. § 7207 was intended to repeal or render nugatory the provisions of 18 U.S.C. § 1001. Nor do I find any warrant for reaching such a conclusion. Indeed, since 26 U.S.C. § 7207 deals with a specialized subject matter, and requires that the false representation be "material", it is possible, though not urged by the government here, that defendant could be proceeded against under both statutes at once. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Burton v. United States, 202 U.S. 344, 380–381, 26 S.Ct. 688, 50 L.Ed. 1057 (1906).

■ (b) As to Counts 4 and 5 in 62 Cr. 221, defendant argues in effect that 18 U.S.C. § 1001 is not meant to cover false exculpatory answers made to a federal investigating agent. Several au-

thorities have shown sympathy with such an argument. United States v. Davey, 155 F.Supp. 175 (S.D.N.Y.1957); United States v. Stark, 131 F.Supp. 190 (D.C. Md.1955). The Court of Appeals of this Circuit has suggested that such a rule upon appropriate facts might have application, albeit a narrow one, in excluding from Section 1001 "[t]he case of the citizen who replies to the policeman with an exculpatory 'no' * * *". United States v. McCue, 301 F.2d 452, 455 (2d Cir., 1962), citing Davey and Stark, *supra*. This potential exception is based on the history of Section 1001 as a statute seeking to prevent the administration of government programs from being subverted or frustrated by the false representations of interested parties. Although the line between "administration" and "investigation" cannot always be sharply drawn, it is arguable that the statute was not intended to require, in every conceivable situation of its kind, a citizen to answer truthfully questions put to him in the course of police or other criminal investigation. Otherwise, the statute would give powerful impetus to inquisition as a method of criminal investigation. The exact scope of this possible "investigative exception" to Section 1001 has not been established to my knowledge; more important, its potential application would turn in any event upon the peculiar facts of a given case.

The court in United States v. McCue, *supra*, indicated three factors which, in that case, made the putative exception inapplicable. They were: (i) the defendants appeared voluntarily before the agents of the Internal Revenue Service to whom they made the false representations; (ii) the defendants testified under oath; and (iii) they testified with their counsel present. (301 F.2d at p. 455).

These factors moved the McCue case far from the basic situation which the "investigative exception" presumably would cover, that of a citizen directly approached by a law enforcement agent and asked incriminating questions by such agent.

Thus, defendant's arguments here are theoretical at this juncture; their resolution must await full development of the relevant facts at trial.

 (2) Defendant contends that the three false representation counts seek to prosecute one course of conduct for which only one conviction may be obtained.

Even if he were correct in this view, it is doubtful that defendant would be entitled to the remedy of dismissal of any of these counts, at least at this stage. United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 225, 73 S.Ct. 227, 97 L.Ed. 260 (1952). Whether there was "one offense" may be answered with more assurance when the underlying facts are developed at trial.

(3) Defendant argues that the false representation counts are drafted with insufficient precision in that they do not allege facts which negative the possibility that the investigative-inquisitorial exception to Section 1001, discussed *supra*, is applicable. An indictment need not negative every conceivable defense in terms; the present pleadings adequately apprise defendant of the charges against him.

(4) Finally, defendant argues that the counts alleging non-payment of taxes (62 Cr. 221, Counts 1–3) do not adequately plead venue in this district. Under 26 U.S.C. § 7203, venue lies where the taxes were to be paid. United States v. Commerford, 64 F.2d 28, 32 (2d Cir., 1933). This is either where the taxpayer resides or has his principal place of business. 26 U.S.C. § 6091(b) (1). The counts in question plainly allege that defendant maintained his principal place of business in this district.

The defendant fears that if, as appears to be the case, his residence is not in this district, acquittal on this indictment would not bar prosecution for non-payment of taxes in the district of residence. Conceding that theoretically the problem could later arise, it is not apparent to this court that it either should, or could, be solved prospectively by requiring changes in the phrasing of 62 Cr. 221.

The motions of defendant to dismiss the indictments, therefore, are denied.

## II

There remains for consideration the government's cross-motion to consolidate indictments 62 Cr. 221 and 62 Cr. 1059 for trial. Since there can be no serious dispute but that the offenses charged in the two indictments "are of the same or similar character", this application is granted. Rule 8, F.R.Cr.P.; see also United States v. Gottfried, 165 F.2d 360 (2d Cir., 1948), *cert. den.* 333 U.S. 860, 68 S.Ct. 738, 92 L.Ed. 1139, *rehearing den.* 333 U.S. 883, 68 S.Ct. 910, 92 L.Ed. 1157 (1948).

Settle order in accordance with the foregoing.